# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 20-01754-DOC (DFM) | Date: | March 12, 2020 |
|---|---|---|---|
| Title | Edwin O. Garcia v. Landevazzo et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause re: Three Strikes

On February 13, 2020, Edwin O. Garcia ("Plaintiff"), a prisoner currently incarcerated at Men's Central Jail in Los Angeles, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. See Dkt. 1. Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). See Dkt. 2.

"All persons, not just prisoners, may seek IFP status." Moore v. Maricopa Cty. Sheriff's Office, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." Id. The Prison Litigation Reform Act ("PLRA") provides:

> [No prisoner shall] bring a civil action or appeal a judgment in a civil action or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "[T]he central question is whether the [prior dismissals] rang the PLRA bells of frivolous, malicious, or failure to state a claim." El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (citation omitted). The Ninth Circuit has also concluded that "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017).

Although defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Andrews, 398 F.3d at 1120. At that point, the burden "then shifts to the prisoner, who must attempt to rebut the . . . showing by explaining why a prior dismissal should not count as a strike." Id.

Based on a review of its own docket, the Court finds that Plaintiff appears to have at least three prior civil actions dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] Those cases include:

1. Garcia v. LA Cty. Sheriff Dept. et al., Civil Case No. 2:15-cv-08329-DOC-DFM (filed Nov. 21, 2015), Dkts. 9 (Order dismissing complaint for failure to state a claim), 17 (Report & Recommendation [R&R] to dismiss action for failure to prosecute), 18 (Order Accepting R&R), 19 (Judgment);

2. Garcia v. Hall, Civil Case No. 2:15-cv-08642-DOC-DFM (filed November 5, 2015), Dkt. 4 (Order denying IFP because complaint "frivolous and without merit");

3. Garcia v. L.A. Cty. D.A.s Office et al., Civil Case No. 2:15-cv-08645-DOC-DFM (filed November 5, 2015), Dkt. 4 (Order denying IFP because complaint "frivolous and without merit");

4. Garcia v. Romero et al., Case No. 2:15-cv-08810-DOC-DFM (filed November 12, 2015), Dkt. 4 (Order denying IFP because complaint "frivolous and without merit");

5. Garcia v. Los Angeles Cty. Sheriffs et al., Civil Case No. 2:15-cv-9010-DOC-DFM (filed October 28, 2015), Dkts. 10 (Order dismissing complaint with prejudice where claims were time-barred), 11 (Judgment); and

6. Garcia v. Huntington Park Police et al., Case No. 2:16-cv-04038-DOC-DFM (filed June 8, 2016), Dkt. 4 (Order denying IFP because complaint "frivolous and without merit").

Accordingly, Plaintiff is ordered to show cause in writing within twenty-eight days (28) of service of this Order why the Court should not recommend that Plaintiff's Motion to Proceed IFP be denied and this action be dismissed based on his failure to prepay the civil and administrative filing fees. Plaintiff must explain why his prior dismissals should not be

---

[1] A court may take judicial notice of its own records. See United States v. Author Servs., 804 F.2d 1520, 1523 (9th Cir. 1986); see also Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute[.]").

counted as strikes or show that he qualifies for the "imminent danger" exception. See Andrews v. Cervantes, 593 F.3d 1047, 1055 (9th Cir. 2007) (exception applies if complaint makes a plausible allegation that the prisoner faced "'imminent danger of serious physical injury' at the time of filing'") (quoting 28 U.S.C. § 1915(g)). Failure to respond to this Order will result in a recommendation that this action be dismissed.